IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>BMO HARRIS BANK N.A.,<br><br>    Defendant. | Case No. 1:17-cv-7686<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Blackbird Technologies") hereby alleges against Defendant BMO Harris Bank N.A. ("BMO Harris"), on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

THE PARTIES

1.    Plaintiff Blackbird Technologies is a Delaware limited liability company with its principal place of business located at 200 Baker Ave., Ste. 203, Concord, MA 01742.

2.    BMO Harris is a chartered U.S. National Bank with its main office in Chicago, IL. BMO Harris maintains a principal place of business at 111 W. Monroe St., Chicago, IL 60603.

JURISDICTION AND VENUE

3.    This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code §§ 100, *et seq*.

4.    This Court has subject matter jurisdiction over this action per 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

5.    This Court has personal jurisdiction over BMO Harris because BMO Harris is a citizen of the State of Illinois. BMO Harris' main office and principal place of business are located

in the City of Chicago, Illinois. BMO Harris transacts business in the State of Illinois, and also transacts business with citizens of the State of Illinois. BMO Harris maintains numerous branch offices throughout the State of Illinois, including at least 25 branches in the City of Chicago alone. BMO Harris also maintains an interactive website (bmoharris.com) accessible to citizens of the State of Illinois. BMO Harris has initiated lawsuits, including intellectual property lawsuits, in the Northern District of Illinois. BMO Harris has committed acts of patent infringement in the State of Illinois, including the Northern District of Illinois, as explained further below.

6. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1400(b) because BMO Harris resides in this District as a national bank with its main and principal offices here (*see* Paragraphs 2 & 5), and/or has committed acts of infringement in this District (*see* Paragraphs 11-40) and has at least one regular and established place of business in this District (*see* Paragraphs 2 & 5).

## THE PATENTS-IN-SUIT

7. U.S. Patent No. 7,958,214 (the "'214 patent") entitled, "Method for Secure Transactions Utilizing Physically Separated Computers," was duly and legally issued by the U.S. Patent and Trademark Office on June 7, 2011. Blackbird Technologies is the owner by assignment of all right, title, and interest in and to the '214 patent, including all right to recover for any and all infringement thereof. The '214 patent is valid and enforceable. A true and correct copy of the '214 patent is attached as Exhibit A.

8. U.S. Patent No. 8,285,832 (the "'832 patent") entitled, "Method for Secure Transactions Utilizing Physically Separated Computers," was duly and legally issued by the U.S. Patent and Trademark Office on October 9, 2012. Blackbird Technologies is the owner by assignment of all right, title, and interest in and to the '832 patent, including all right to recover

2

for any and all infringement thereof. The '832 patent is valid and enforceable. A true and correct copy of the '832 patent is attached as Exhibit B.

9. U.S. Patent No. 9,424,848 (the "'848 patent") entitled, "Method for Secure Transactions Utilizing Physically Separated Computers," was duly and legally issued by the U.S. Patent and Trademark Office on August 23, 2016. Blackbird Technologies is the owner by assignment of all right, title, and interest in and to the '848 patent, including all right to recover for any and all infringement thereof. The '848 patent is valid and enforceable. A true and correct copy of the '848 patent is attached as Exhibit C.

10. The claims of the '214, '832, and '848 patents address authorization of a transaction apart from the transaction itself – a challenge particular to modern, advanced electronic network communications. The claimed inventions solve a problem created in the Internet world (*i.e.*, identity theft and cybercrime) using network communications in a "closed loop" fashion to ensure transaction integrity. Prior to the claimed inventions, the authorization and approval of online transactions did not involve establishing or accessing a verification site, sending authorization communications from the verification site to holders of pre-existing identification information, such as credit card information, or transmitting approval communications by the holders of such information. The claimed inventions improve security for online transactions in a technological manner, introducing an unconventional technological solution (*e.g.*, a network architecture including a verification site used to verify the authenticity of transactions through a unique sequence of network communications containing particular information).

## COUNT I – INFRINGEMENT OF THE '214 PATENT

11. Blackbird Technologies reasserts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

12. BMO Harris infringes one or more claims of the '214 patent, including at least claim 1, by performing a secure transaction method as part of its fraud alerts service.

13. BMO Harris "establish[es] an electronically accessible verification site authorized by the holder of a credit card," as claimed.

14. BMO Harris customers authorize email and text communication systems established by BMO Harris. BMO Harris issues credit cards to its customers. (*See* Exhibit D – BMO Harris, "BMO Harris Bank Credit Cards"). To receive and use a BMO Harris credit card, and to use online services related to such credit cards, a customer must meet certain requirements established by BMO Harris, including accepting a cardholder agreement and an online and mobile privacy policy. (*See, e.g.*, Exhibit E – BMO Harris, "Consumer Cardholder Agreement," & Exhibit F – BMO Harris, "Online and Mobile Privacy Policy"). According to at least one exemplary set of account terms established by BMO Harris, "[i]f you provide us with your cell phone number as a contact number for your Account, you acknowledge and agree that we may contact you at that number." (Exhibit E ¶ 24). In addition, according to a privacy policy established by BMO Harris, "we may still send you transactional email … about your accounts and services." (Exhibit F at 4).

15. BMO Harris owns and/or operates fraud detection and communication systems that identify potentially fraudulent transactions involving credit cards issued by BMO Harris and that send text and email alerts to the holders of those credit cards. For instance, according to BMO Harris, as part of its fraud alerts service, "You can … receive and respond to fraud alerts if there's suspicious activity on your card." (*See, e.g.*, Exhibit G – BMO Harris, "BMO Harris Card Monitor"). BMO Harris conditions customers' use of BMO Harris credit cards, including their

4

participation in the BMO Harris fraud alerts service, upon the customer authorizing BMO Harris to send the customer email and text alerts through BMO Harris communication systems.

16. BMO Harris at least directs or controls merchants to "receiv[e] a request for goods or services by a merchant using the credit card, but wherein the card is not required to be physically presented to the merchant," as claimed.

17. BMO Harris customers use their BMO Harris credit cards to purchase goods or services from online merchants, over an electronic communication link, without physically presenting the credit card to the merchant. In such transactions, a merchant receives an electronic request for goods or services from a customer, which is electronically forwarded to BMO Harris as the bank that issued the credit card. If the transaction is authorized, BMO Harris routes an electronic authorization response to the merchant. In order to accept credit cards issued by BMO Harris and receive authorization responses from BMO Harris, and ultimately to receive payment, merchants must receive requests for goods and services conforming to the standards for credit cards issued by BMO Harris.

18. BMO Harris at least directs or controls merchants to "access[] the verification site by the merchant to determine whether the request for goods or services is an authorized transaction," as claimed.

19. Upon receiving from a merchant an electronic request for goods or services paid for using a BMO Harris credit card, BMO Harris electronically accesses its fraud detection systems to determine if the request is potentially fraudulent. For example, according to BMO Harris, "Be notified in real time when suspicious activity has been identified on your account." (*See, e.g.*, Exhibit H, BMO Harris, "BMO Harris Bank Card Monitor | Learn More" & Exhibit I, BMO Harris, "BMO Harris Bank Credit Card Monitor"). BMO Harris conditions its approval of a transaction

upon the merchant forwarding the request for goods and services to BMO Harris's fraud detection systems.

20. BMO Harris "send[s] an electronic authorization communication by the verification site to the holder of the credit card, the message including information indicative of the transaction," as claimed.

21. If BMO Harris's fraud detection systems determine a transaction is potentially fraudulent, BMO Harris sends an email or text message to the customer through its communication systems, asking the customer to verify the purchase. For example, according to BMO Harris, "you can respond to the alert to either authorize the transaction or confirm that is was unauthorized." (Ex. H at 1; *see also* Ex. I at 2). The email or text message includes information about the transaction so that the customer can identify the transaction and determine whether it is authorized.

22. BMO Harris at least directs or controls customers to "transmit[], by the holder of the credit card, an approval communication if the transaction is approved by the card holder," as claimed.

23. The customer responds to the email or text message from BMO Harris by sending a responsive email or text message to BMO Harris verifying or rejecting the transaction. For example, according to BMO Harris, "When you receive a Fraudulent Activity Alert, you can either verify the transaction or immediately report it as fraudulent." (Ex. I at 2; *see also* Ex. H at 1). BMO Harris conditions its approval of a transaction on the customer sending a responsive approval communication.

COUNT II – INFRINGEMENT OF THE '832 PATENT

24. Blackbird Technologies reasserts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

25. BMO Harris infringes one or more claims of the '832 patent, including at least claim 1, by performing a secure transaction method as part of its Fraud Alerts service.

26. BMO Harris "establish[es] an electronically accessible verification site authorized by the holder of a set of pre-existing identification credentials," as claimed. (*See* Paragraphs 14 & 15).

27. BMO Harris at least directs or controls merchants to "receiv[e] at a merchant location, via an electronic communication link, a request for goods from, or services by, a merchant using the identification credentials, but wherein the identification credentials are not required to be physically presented to the merchant," as claimed. (*See* Paragraph 17).

28. BMO Harris at least directs or controls merchants to "access[] the verification site by the merchant, via an electronic communication link, to determine whether the request for goods or services is an authorized transaction," as claimed. (*See* Paragraph 19).

29. BMO Harris "send[s] an electronic authorization communication from the verification site to the holder of the identification credentials, the communication including information indicative of the transaction," as claimed. (*See* Paragraph 21).

30. BMO Harris at least directs or controls holders of identification credentials to "transmit[], by the holder of the identification credentials, an electronic approval communication if the transaction is approved by the holder of the identification credentials," as claimed. (*See* Paragraph 23).

## COUNT III – INFRINGEMENT OF THE '848 PATENT

31. Blackbird Technologies reasserts and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

32. BMO Harris infringes one or more claims of the '848 patent, including at least claim 1, by performing a secure transaction method as part of its Fraud Alerts service.

33. BMO Harris "establish[es] an electronically accessible verification site authorized for a holder of pre-existing identification (ID) information," as claimed. (*See* Paragraphs 14 & 15).

34. BMO Harris at least directs or controls merchants to "receiv[e] at a merchant location, via a first electronic network communication, a request for goods from, or services by, a merchant using the ID information, but wherein the ID information is not physically presented to the merchant," as claimed. (*See* Paragraph 17).

35. BMO Harris at least directs or controls merchants to "access[] the verification site by the merchant, via a second electronic network communication, to determine whether the request for goods or services is an authorized transaction," as claimed. (*See* Paragraph 19).

36. BMO Harris "send[s] an electronic authorization communication from the verification site to the holder of the ID information, via a third electronic communication, the communication including information indicative of the transaction," as claimed. (*See* Paragraph 21).

37. BMO Harris at least directs or controls holders of pre-existing ID information to "transmit[], by the holder of the identification credential via a fourth electronic network communication, an approval communication if the transaction is approved by the holder of the identification credential," as claimed. (*See* Paragraph 23).

## DAMAGES

38. Blackbird Technologies has sustained damages as a direct and proximate result of BMO Harris's infringement of the '214, '832, and '848 patents.

39. As a consequence of BMO Harris's past infringement of the '214, '832, and '848 patents, Blackbird Technologies is entitled to the recovery of past damages in the form of, at a minimum, a reasonable royalty.

40. As a consequence of BMO Harris's continued and future infringement of the '214, '832, and '848 patents, Blackbird Technologies is entitled to royalties for its infringement of the '214, '832, and '848 patents on a going-forward basis.

## PRAYER FOR RELIEF

WHEREFORE, Blackbird Technologies respectfully requests that this Court enter judgment against Defendant, as follows:

A. Adjudging that Defendant has infringed the '214, '832, and '848 patents, in violation of 35 U.S.C. § 271(a);

B. An award of damages to be paid by Defendant adequate to compensate Blackbird Technologies for Defendant's past infringement and any continuing or future infringement up until the date such judgment is entered, and in no event less than a reasonable royalty, including interest, costs, and disbursements pursuant to 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. Ordering Defendant to continue to pay royalties to Blackbird Technologies for infringement of the '214, '832, and '848 patents on a going-forward basis;

D. Awarding that this case be exceptional under 35 U.S.C. § 285 and awarding costs, expenses, and attorneys' fees to Blackbird Technologies;

E. Awarding Blackbird Technologies pre-judgment and post-judgment interest at the maximum rate permitted by law on its damages; and

  F. Granting Blackbird Technologies such further relief as this Court deems just and proper under the circumstances.

DEMAND FOR JURY TRIAL

Blackbird Technologies demands a trial by jury on all claims and issues so triable.

Dated: October 24, 2017       BLACKBIRD TECH LLC

                    */s/David Gerasimow*
                    Christopher Freeman (#6292841)
                    cfreeman@blackbird-tech.com
                    David Gerasimow (#6323424)
                    dgerasimow@blackbird-tech.com
                    Blackbird Technologies
                    318 W. Adams St., Ste. 1600
                    Chicago, IL 60606
                    (617) 307-7100

                    *Attorneys for Plaintiff*
                    *Blackbird Tech LLC*
                    *d/b/a Blackbird Technologies*