IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BLACKBIRD TECH LLC d/b/a<br>BLACKBIRD TECHNOLOGIES,<br><br>    Plaintiff,<br><br>v.<br><br>BMO HARRIS BANK N.A.,<br><br>    Defendant. | Case No. 1:17-cv-7686 |

### REPORT OF THE PARTIES' PLANNING MEETING

1.     The following persons participated in a Rule 26(f) conference on January 11, 2018, by telephone, with continuing telephonic discussions thereafter:

    David A. Gerasimow, representing Plaintiff Blackbird Tech LLC; and

    Benjamin J. Bradford, Jenner & Block LLP, representing Defendant BMO Harris Bank N.A.

2.     Initial Disclosures. The parties will complete by April 13, 2018, the initial disclosures required by Rule 26(a)(1).

3.     Disclosures and Discovery Pursuant to Local Patent Rules. The parties acknowledge that the requirements of the Local Patent Rules apply to this case.

4.     Additional Discovery Plan. The parties propose the following in addition to the discovery plan and schedules addressed in the Local Patent Rules:

    (a) For interrogatories, the parties agree to the defaults set forth in Federal Rule 33.

    (b) For requests for admission, the parties agree that each party shall serve no more than thirty-five (35) requests for admission, except for such requests seeking solely the authentication of a document or thing.

    (c) For fact depositions, the parties agree to the defaults set forth in Federal Rule 30. The parties further agree that expert depositions shall not count toward the ten (10) deposition limit set forth in Federal Rule 30(a)(2).

    (d) Each deposition shall not exceed 7 hours on the record as provided by Fed. R. Civ. P. 30.

    (e) Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

5. Alternative Discovery Plan. The parties propose a thirty (30) day stay of Defendant BMO Harris Bank N.A.'s time to respond to Plaintiff Blackbird Tech LLC's complaint (*i.e.*, until March 15, 2018) in order to facilitate ongoing discussions concerning potential out-of-court resolutions, and then to hold a follow-up status conference, at which time the parties will advise the Court as to whether a deadline should be set for Defendant BMO Harris Bank N.A. to respond to the complaint.

6. Other Dates:

    (a) Dates for supplementations under Rule 26(e):
    Same as the close of fact discovery per LPR 1.3.

    (b) A date, if the parties ask to meet with the court before a scheduling order:
    The parties do not have any disagreements concerning the case schedule or the applicability of the Local Patent Rules, and are prepared to discuss any scheduling issues with the Court during the January 25, 2018, status conference.

    (c) Requested date for pretrial conference:

        Sixty (60) days after the Court issues any summary judgment rulings.

    (d) Final date for the plaintiff to amend pleadings or to join parties:

        Sixty (60) days after the pleadings are complete.

    (e) Final date for the defendant to amend pleadings or to join parties:

        Same as plaintiff's deadline.

    (f) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists:

        Thirty (30) days before trial, per Federal Rule 26(a)(3)(B).

    (g) Final dates to file objections under Rule 26(a)(3):

        Fourteen (14) days after Rule 26(a)(3) disclosures, per Federal Rule 26(a)(3)(B).

7. Other Items:

    (a) The parties are actively discussing potential out-of-court resolutions of this matter.

    (b) The parties believe that a settlement conference with a Magistrate prior to summary judgment motions being filed may facilitate out-of-court resolution.

    (c) Communications between a party's attorney and a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, are subject to discovery by the opposing party only to the extent provided in Rule 26(b)(4)(B) and (C).

    (d) In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term in its response, and limiting the response to that definition.

(e) The parties agree to resolve whether the video "An Introduction to the Patent System" distributed by the Federal Judicial Center should be shown to the jurors in connection with its preliminary jury instructions during the pre-trial conference.

(f) The parties agree that the provisions of Sections 3A, B and C of the America Invents Act concerning the revisions to 35 U.S.C. §§ 102, 103 do not apply to any patents-in-suit in this case.

(g) None.

| | |
|---|---|
| Dated:  January 23, 2018 | BLACKBIRD TECH LLC<br><br>/s/David Gerasimow<br>Christopher Freeman (#6292841)<br>cfreeman@blackbird-tech.com<br>David Gerasimow (#6323424)<br>dgerasimow@blackbird-tech.com<br>Blackbird Technologies<br>318 W. Adams St., Ste. 1600<br>Chicago, IL 60606<br>(617) 307-7100<br><br>*Attorneys for Plaintiff*<br>*Blackbird Tech LLC*<br>*d/b/a Blackbird Technologies* |
| Dated: January 23, 2018 | JENNER & BLOCK LLP<br><br>/s/Benjamin Bradford<br>Benjamin Bradford (#6285800)<br>bbradford@jenner.com<br>Jenner & Block LLP<br>353 N. Clark St.<br>Chicago, IL 60654<br>(312) 840-7224<br><br>*Attorneys for Defendant*<br>*BMO Harris Bank N.A.* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2018, I electronically filed the above documents with the Court using CM/ECF, which will send electronic notification of such filings to all registered counsel.

                                          /s/David Gerasimow
                                          David Gerasimow
                                          Attorney for Plaintiff Blackbird Tech LLC